IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

FRANK CLIFFORD PAUL,            )
                                )
            Plaintiff,           )
                                )
     v.                          )   No.  13 C 4068
                                )
BLAYLOCK ROBERT VANN, LLC,      )
et al.,                          )
                                )
            Defendants.          )

## MEMORANDUM ORDER

This Court has belatedly received the Judge's Copy of the Complaint brought by Frank Clifford Paul ("Paul") against Blaylock Robert Vann, LLC ("Blaylock") and two of its principals, Chief Executive Officer Eric Standifer and Head of Public Finance Aquacena Lopez.[1]  This memorandum order is issued sua sponte because of the troubling nature of Paul's Complaint.

Although Paul's personal grievance is based on Blaylock's asserted discrimination against him in the course of his former employment with the company,[2] this Court's principal reason for holding the Complaint to have violated the "short and plain"

---

[1] That delay was occasioned by the noncompliance by Paul's counsel with the obligation imposed by this District Court's LR 5.2(f).

[2] Complaint ¶1 charges that the asserted discrimination was rooted in terms of Paul's "Caucasian race in contrast to blacks and other minorities who have received superior treatment at Blaylock."  Both that conclusion and the Complaint's substantive allegations advanced in support of Paul's position are not placed in issue by this memorandum order--for present purposes they are accepted arguendo.

mandate of Fed. R. Civ. P. ("Rule") 8(a)(2) even apart from its sheer length (it comprises 137 paragraphs occupying 37 pages) is Paul's apparent self-perception as a crusading private Attorney General.

More specifically, the Complaint is chock-full of Paul's challenges to the bona fides of Blaylock's status as a minority business enterprise, to its assertedly unethical business practices, to its (and its executives') claimed lack of qualifications--and the list could (and does) go on. Moreover, in both those respects and others Paul's counsel has treated the Complaint as a vehicle for narrative fact pleading, an approach entirely at odds with the federal concept of notice pleading.

Indeed, even a moment's thought by Paul's counsel in connection with those detailed allegations of fact would have brought the realization that large chunks of the Complaint's assertions, if they were sought to be introduced as trial evidence, would be vulnerable to exclusion under both under Fed. R. Evid. 404(b) and 403. There is no need to dwell further on the Complaint's deficiencies (as to which this memorandum order has not sought to be fully exhaustive)-- instead the Complaint is stricken sua sponte (see Rule 12(f)), but with leave granted of course to file a suitable Amended Complaint on or before July 15, 2013. In the meantime Paul's counsel is ordered to communicate the content of this order to defendants' counsel (if known to

Paul's counsel), otherwise to defendants themselves, to head off any needless expenditure of time in preparing a response to the present prolix Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 27, 2013