IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FRANK CLIFFORD PAUL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 4068 |
| | ) |
| **BLAYLOCK ROBERT VANN, LLC**, | ) |
| **ERIC V. STANDIFER** and **AQUACENA** | ) |
| **LOPEZ**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case presents a classic instance of the catchphrase "What we have here is a failure to communicate" that first saw the light of day in the movie <u>Cool</u> <u>Hand</u> <u>Luke</u>: Two motions filed months ago by defendants -- Dkt. 36 seeking a protective order, sanctions and the setting of a discovery schedule and Dkt. 35 asking leave to file documents under seal -- have lain fallow because each of the judicial officers assigned to the case, this Court and Magistrate Judge Jeffrey Gilbert, has believed the motions were on the other's plate. That distressing situation has come into focus when this Court inquired of Magistrate Judge Gilbert as to whether those motions, again reappearing on this Court's periodic printout of motions in cases assigned to its calendar, would be resolved before they became reportable under the standards established by what is popularly termed the Biden Bill.[1]

Although this Court stated on presentment of the discovery motion that it would not rule substantively on its merits (it uniformly rejects the practice under Fed. R. Civ. P. ("Rule")

---

[1] Those standards, and the earlier requirement of periodic reports to the Administrative Office, have not generated a single reportable motion on this Court's part during its 34-plus years of judicial service.

16(b)(3)(A) that calls for the setting of specific time schedules in the early developmental stage of actions on its calendar[2]), it appears that Magistrate Judge Gilbert has appropriately determined that later developments justified him in the noninclusion of the motions in the referral of the case to him for discovery supervision. But from this Court's perspective, although the transcript of June 17, 2014 (when the disputed motions were first noticed up before this Court) reflected that the motions would be entered and continued, it was then to be hoped that the oversight of discovery matters referred to the Magistrate Judge would in the regular course of events result in the narrowing of the underlying motions -- if not, indeed, eliminating some of their aspects (note the portions of this Court's statement appearing at Tr. 8 and 11, attorney Greene's statement of Tr. 14 and this Court's response at Tr. 14-15).

But more important than any examination of how the matter fell between the cracks is the need to address it. For that purpose counsel for plaintiff Frank Paul is ordered to file a written response to the motions on or before February 16, 2015, which response should of course include any effect on the motions that may have eventuated because of Magistrate Judge Gilbert's months-long consideration and resolution of discovery matters in the interim. This Court will promptly turn its attention to the motions (including any possible need for a reply).

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: February 4, 2015

---

[2] This Court has yet to see such an order, entered by one of its colleagues who try to adhere to the Rule's strict regimen, that was not later vacated and replaced (if at all) with a revised timetable. Experience teaches the obvious: In dealing with the scheduling of litigation, no judge has an unclouded crystal ball.