**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FRANK CLIFFORD PAUL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 4068 |
| | ) |
| **BLAYLOCK ROBERT VANN, LLC**, | ) |
| **ERIC V. STANDIFER** and **AQUACENA** | ) |
| **LOPEZ**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Court's brief February 4, 2015 memorandum order ("Order") sought to explain the misunderstanding that had led to the continued open status of two motions filed many months ago by defendants: Dkt. 36 (seeking a protective order, sanctions and the setting of a discovery schedule) and Dkt. 35 (asking leave to file documents under seal). By way of response this Court has received a brief February 9 letter from lead defense counsel Clifford Greene (Dkt. 72), stating as to the Dkt. 36 motion that "[d]efendants continue to seek the relief outlined in Paragraph (b) at page 4 of the Motion for Sanctions" and as to the Dkt. 35 motion that it "is also still warranted." For his part Mark Schwartz, as counsel for plaintiff Frank Paul ("Paul"), has filed three documents: a response in opposition to the Dkt. 36 motion[1] (Dkt. 74), a response in opposition to the Dkt. 35 motion (Dkt. 73) and a memorandum of law ("Memorandum") supporting each of those responses (Dkt. 75).

This Court's initial June 17, 2014 decision to enter and continue those still-disputed motions was predicated on what proved to be an unwarranted hope that in the course of ensuing

---

[1] That response also includes a Cross Motion for Sanctions.

months the parties might see their way to a more civilized approach to the litigation under the able oversight provided by Magistrate Judge Jeffrey Gilbert. Just how naive that hope proved to be is exemplified by attorney Schwartz's statement in his current Memorandum (Dkt. 75 at 2) immediately preceding his launching into his substantive arguments:

> What remains is a mean spirited attempt by Defendants' counsel to punish Plaintiff's counsel for doing his job in accordance with the Rules of Professional conduct, to gag Plaintiff and his Counsel, and to have a sole practitioner who took on this case on largely a contingent-fee matter, to pay questionable costs for which Defendants' counsel has been paid.

Unfortunately Schwartz's combativeness has also extended to his distorted perspective on the issues that remain in controversy. Although a single aspect of the Dkt. 36 motion (the portion seeking to set a discovery schedule) has been rendered moot because Magistrate Judge Gilbert has succeeded in bringing discovery to a conclusion, attorney Schwartz's views on the other issues are regrettably astigmatic.

As for defendants' Dkt. 35 motion to seal, it seeks to bar the public disclosure of defendants' Dkt. 37 memorandum of law and its bulky attachments, filed in support of defendants' Dkt. 36 motion. In his current response (Dkt. 73) and his own supporting Memorandum (Dkt. 75) Schwartz provides an extended lecture on the evils of secrecy in litigation that is truly nonresponsive to the problems posed by his conduct about which defense counsel justifiably complain. This Court has long been an opponent of the fox-hunt (or what Roscoe Pound referred to as "sporting") theory of justice, but that does not entitle a litigant's counsel to engage in the tactics pursued in this lawsuit by Schwartz.

Those tactics began in this case with Schwartz's original Complaint filed on Paul's behalf, a Complaint that triggered this Court's swiftly issued sua sponte June 27, 2013 memorandum order. Despite the justifiable criticism lodged by this Court in that order, attorney Schwartz

persisted with that pejorative approach during the depositions of co-defendant Aquacena Lopez and of Schwartz's own client Paul, and Schwartz has now taken the impermissible quantum leap of attempting to justify his conduct under the rubric of zealous advocacy referred to in the Rules of Professional Conduct (indeed, Schwartz even seeks to wrap himself in the protective mantle of the First Amendment by making repeated and unjustified references to "prior restraint").

This Court has much more than passing familiarity with lawyers and lawyering in Pennsylvania, Schwartz's home base -- in the past it sat by invitation with the Court of Appeals for the Third Circuit for a substantial number of years, with the bulk of the cases on that court's docket regularly emanating from Pennsylvania, and its experience has disclosed the sometimes sardonic use of "Philadelphia lawyer" as a term of reprobation to be a baseless canard. What is certain in this case is that attorney Schwartz's tactics described at pages 2 through 11 of defendants' Dkt. 37 Memorandum disclose the seriously distorted view that a license to practice law carries with it an unbridled license to tar opposing parties and their lawyers in a totally inappropriate manner. Attorney Schwartz's pious references to the Rules of Professional Conduct and to so-called "prior restraint" simply do not provide shelter for his conduct in this case.

In sum, Schwartz's effort to bootstrap himself into a claimed right to make a public disclosure of everything that he wants to air that is unfavorable to defendants is wholly unacceptable. On the other hand, it might perhaps be argued that the Dkt. 35 motion as tendered by defendants may itself suffer from overbreadth. Under the circumstances the subject may most appropriately be dealt with by a provisional grant of the continued sealing of defendants' Dkt. 37 Memorandum and its exhibits at this point, with defense counsel required to take the laboring oar of providing more specificity as to the portions of Dkt. 37 that assertedly merit such continued

protective treatment and with Paul's counsel Schwartz then having the opportunity to respond. That will be treated as a new motion, with defense counsel to provide an opening submission on or before March 27, 2015 and with Paul's counsel Schwartz to respond on or before May 1, 2015.

In that respect, though, it must be understood that cases such as <u>Baxter Int'l, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 547-48 (7th Cir. 2002), on which Paul and his counsel attempt to rely, have spoken in a totally different environment from that presented here. Matters such as those adverted to in the earlier-cited portion of defendants' Dkt. 37 Memorandum are plainly entitled to protection from public disclosure, and there will be no need to waste the litigants' and this Court's time and effort to debate the issue.

That then leaves for consideration the portion of defendants' Dkt. 36 motion, renewed by attorney Greene's Dkt. 72 letter of February 9, 2015, that seeks these sanctions:

1. The cost of defense counsel's attendance at two hours of Mr. Paul's deposition and half of a day of Ms. Lopez's deposition ($2,832.50);

2. Reimbursement to the Defendants for up to half the cost of the transcription of both depositions ($1,797.75); and

3. A portion of the costs and fees associated with bringing this motion (approximately $10,550).

On that score attorney Schwartz's current response in opposition (Dkt. 74) and his supporting Memorandum (Dkt. 75) simply voice unwarranted general indignation, without taking issue with the accuracy of the amounts sought by defendants (amounts that are in turn based on the June 12, 2014 declaration of lead defense counsel Greene). On the strength of what has been said to this point in this opinion, then, attorney Schwartz is ordered to pay defendants the sum of $15,180.25 under the authority of 28 U.S.C. § 1927.

Finally, Schwartz's Dkt. 74 response had advanced a cross motion for sanctions predicated on Schwartz's own claim of fees in the sum of $16,000 to cover his time assertedly expended in responding to defendants' Dkt. 35 and 36 motions.  That ironic motion is denied.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  February 23, 2015